LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ONIEL PENA, *on behalf of himself and all others similarly situated*, | Case No.: 20-cv-1370 |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| SP PLUS CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT**

Plaintiff ONIEL PENA ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, as and for his Complaint against Defendant SP PLUS CORPORATION ("Defendant"), states on information and belief as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of himself and all others similarly situated to recover unpaid wages, overtime wages, liquidated damages, interest, and reasonable attorney's fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the wage orders promulgated thereunder by the U.S. Department of Labor and codified at 29 C.F.R. § 500 *et seq.* ("FLSA"), and Articles 6 and 19 of the New York Labor Law and the wage orders promulgated thereunder by the New York State Department of Labor and codified at 12

N.Y.C.R.R. §§ 135-146 ("NYLL").

2. Defendant owns or operates parking facilities throughout the New York City area and nationwide. Plaintiff and others similarly situated worked for Defendant as parking attendants, washers, cashiers, and other laborers. Plaintiff and others similarly situated regularly worked in excess of 40 hours per week for Defendant, but were not compensated properly for all of the hours they worked, or for their overtime hours.

## PARTIES, JURISDICTION, AND VENUE

3. At all times relevant herein, Plaintiff was and is a resident of the State of New York, New York County. Plaintiff's consent to sue is submitted herewith as Exhibit 1.

4. At all times relevant herein, Defendant was and is a Delaware business corporation duly registered with and doing business by virtue of the laws of the State of New York, and having its principal place of business at 200 East Randolph Street, Suite 7700, Chicago, Illinois.

5. All of Defendant's locations within the New York area are operated as a single enterprise. All such locations are engaged in related activities, share common ownership and/or management, and have a common business purpose. Defendant's employees move interchangeably from location to location as needed, and use stationery and equipment bearing SPC's name and logo. Defendant provides the same terms of employment to employees at all locations pursuant to their collective bargaining agreement ("CBA") with Garage Employees Union Local 272 ("Union").

6. The CBA contains an arbitration agreement, but the provision makes no explicit reference to arbitrating charges arising under the FLSA or NYLL. Thus the CBA does not manifest a clear and unmistakable waiver by Union members of their rights to bring statutory

claims in court.

7. Defendant engages in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that Defendant is headquartered outside of the State of New York, Defendant transacts with customers and vendors located outside of New York, and employees of Defendant handle goods and materials produced outside of New York (including vehicles, tools, cleaning supplies, and other items) that have moved in interstate commerce, and Defendant is thus an employer subject to the jurisdiction of the FLSA.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

9. This Court has personal jurisdiction over Defendant in that it maintains substantial contacts with the State of New York and does significant business therein and profits thereby.

10. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims occurred herein.

## JURY DEMAND

11. Plaintiff demands a trial by jury of all issues so triable in this action.

## STATEMENT OF FACTS

*Wage And Hour Allegations*

12. Defendant owns and/or operates parking facilities throughout the United States, including numerous locations in the New York City area.

13. Plaintiff worked for Defendant as a parking attendant from on or around May 14, 2016 until his termination on or around January 25, 2018. Throughout Plaintiff's employment with Defendant, Plaintiff and others similarly situated were paid at the applicable minimum hourly wage pursuant to the NYLL: $8.00 prior to December 31, 2014, $8.75 until December 31, 2015, $9.00 until December 31, 2016, $11.00 until December 31, 2017, $13.00 until December 31, 2018, and $15.00 thereafter.

14. During his employment with Defendant, Plaintiff worked primarily at a parking lot located at 140 West 51st Street in Manhattan. He typically worked 5 days per week, with his shifts varying between the "A" shift (8 A.M. to 4:30 P.M.), the "B" shift (2 P.M. to 10 P.M.), and the "C" shift (11 P.M. to 7 A.M.), for an average total of approximately 40 to 42.5 hours per week.

15. Defendant's timekeeping and payroll policies functioned to reduce the paid hours of Plaintiff and others similarly situated in violation of the FLSA and NYLL.

16. Defendant's timekeeping system rounded down to the nearest 15 minutes. Thus, if Plaintiff or others similarly situated clocked in at 7:47 A.M. and clocked out at 4:42 P.M., the system would record a clock-in time of 8:00 A.M. and a clock-out time of 4:30 P.M., and the additional time Plaintiff or others similarly situated worked would not be recorded.

17. Additionally, Defendant automatically deducted half an hour every day from the recorded work time of Plaintiff and others similarly situated. However, Plaintiff and others similarly situated were required to be on call daily throughout their shift, and as a consequence often did not have a free and clear break.

18. Plaintiff and others similarly situated occasionally worked shifts in excess of 10 hours per day. Despite working over 10 hours on these shifts, Plaintiff and others similarly

situated never received spread-of-hours compensation as required under the NYLL.

19. As a result of Defendant's timekeeping and payroll policies, Plaintiff and others similarly situated were routinely not paid for a significant amount of worked time per week. Between the unclocked time and the automatic meal deductions, Plaintiff routinely worked 5 to 10 hours or more per week for Defendant for which he was not paid.

20. As Plaintiff and others similarly situated routinely worked at or over 40 hours per week, these unlawful reductions in paid time served to deprive Plaintiff and others similarly situated of proper overtime pay as required under the FLSA and NYLL.

21. As Plaintiff and others similarly situated were at all relevant times paid at or near the NYLL minimum wage, these deductions served to reduce the average hourly wage of Plaintiff and others similarly situated to below the applicable NYLL minimum wage.

22. Defendant also failed to properly record the unpaid time Plaintiff and others similarly situated worked, and thereby failed to make and keep accurate payroll records and provided Plaintiff and others similarly situated with fraudulent wage statements in violation of the FLSA and NYLL.

23. Defendant was or should have been aware of its statutory requirements as an employer, including specifically but without limitation the requirements under the FLSA and NYLL to pay Plaintiff and others similarly situated for all of the time they worked, to pay spread-of-hours compensation when Plaintiff and others similarly situated worked in excess of 10 hours per day, and to make and preserve proper payroll records.

24. However, Defendant knowingly failed to pay Plaintiff and others similarly situated all of the regular and overtime wages to which they were entitled, and to make and preserve proper payroll records.

25. As such, the various violations of the FLSA and NYLL alleged herein were committed knowingly, willfully, and intentionally by Defendant.

26. Furthermore, these violations are ongoing, as Defendant continues to engage in the wrongful conduct described herein.

*FLSA Collective Action Allegations*

27. Plaintiff brings this action as a collective action pursuant to Section 216(b) of the FLSA on behalf of himself and all other parking attendants, washers, cashiers, and other non-exempt laborers employed by Defendant at its New York City locations on or after the date that is six years before the filing of the initial Complaint in this case ("FLSA Collective Plaintiffs").

28. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper regular and overtime wages for their off-the-clock work. The FLSA claims of Plaintiff as stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

29. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA. The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

*Class Action Allegations*

30. Plaintiff brings claims for relief under the NYLL pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other parking attendants, washers,

cashiers, and other non-exempt laborers employed by Defendant at its New York City locations on or after the date that is six years before the filing of the initial Complaint in this case ("Class Period").

31. All said persons, including Plaintiff, are referred to herein as the "Class." The members of the Class are readily ascertainable. The number and identity of the members of the Class are determinable from Defendant's records. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23.

32. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that number would be based are presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

33. Plaintiff's NYLL claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant (i) failing to pay spread-of-hours wages for work days in which Class members worked greater than 10 hours; (ii) failing to pay proper wages for off-the-clock work; and (iii) failing to provide proper wage notices and wage statements that were in compliance with the requirements under the NYLL. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff sustained similar losses, injuries,

and damages as other Class members, wth such injuries and damages arising from the same unlawful policies, practices, and procedures.

34.	Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

35.	A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources, while treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not

parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36. When wage and hour violations arise, current and former employees are often afraid to assert their rights.  Current employees fear direct or indirect retaliation by their employers, while former employees are fearful of damage to their current or future employment.  Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

37. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendant employed Plaintiff and other Class members within the meaning of the NYLL;

   b. What are and were Defendant's policies and procedures regarding the types of work and labor for which Defendant did not pay the Class members properly;

   c. At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay the Class members for their work;

   d. Whether Defendant properly notified Plaintiff and other Class members of their hourly rate and overtime rate;

   e. Whether Defendant provided proper wage statements and wage and hour notices to Plaintiff and other Class members per requirements of the NYLL;

   f. Whether Defendant properly paid Plaintiff and other Class members spread-of-hours compensation per the requirements of the NYLL; and

   g. Whether Defendant properly compensated Plaintiff and other Class members for

all hours worked under the NYLL.

## FIRST CAUSE OF ACTION
### (FLSA Collective Action)

38. Plaintiff repeats each and every previous allegation as if fully set forth herein.

39. At all relevant times Plaintiff and the other FLSA Collective Plaintiffs were employees of Defendant within the meaning of the FLSA, and were persons covered by and intended to benefit from the provisions of the FLSA.

40. At all relevant times Defendant was an employer within the meaning of the FLSA.

41. As alleged herein, Plaintiff and the other FLSA Collective Plaintiffs regularly worked regular and overtime hours for Defendant for which they were not paid, in violation of the FLSA.

42. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the other FLSA Collective Plaintiffs for all of the hours they worked, including overtime hours, when Defendant knew or should have known such was due.

43. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and the other FLSA Collective Plaintiffs suffered damages in the form of unpaid regular and overtime wages. Plaintiff and the other FLSA Collective Plaintiffs seek judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the FLSA.

## SECOND CAUSE OF ACTION
### (NYLL Class Action)

44. Plaintiff repeats each and every previous allegation as if fully set forth herein.

45. At all relevant times Plaintiff and the other Class members were employees of Defendant within the meaning of the NYLL, and were persons covered by and intended to benefit from the provisions of the NYLL.

46. At all relevant times Defendant was an employer within the meaning of the NYLL.

47. As alleged herein, Plaintiff and the other Class members regularly worked in excess of 10 hours per day and 40 hours per week for Defendant, but were not paid all of the wages to which they were entitled under the NYLL, including minimum-wage, overtime, and spread-of-hours wages.

48. Defendant also failed to provide Plaintiff and the other Class members with accurate wage notices and wage statements, as required under the NYLL.

49. Defendant knew of and/or showed a willful disregard for the provisions of the NYLL as evidenced by its failure to compensate Plaintiff and the other Class members for all of the hours they worked, including overtime hours, when Defendant knew or should have known such was due, and its failure to provide Plaintiff and the other Class members with accurate wage notices and wage statements.

50. As a direct and proximate result of Defendant's willful disregard of the NYLL, Plaintiff and the other Class members suffered damages in the form of unpaid regular and overtime wages. Plaintiff and the other Class members seek judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court assume jurisdiction herein

and thereafter grant the following relief:

a. Designation of Plaintiff as representative of the FLSA Collective Plaintiffs;

b. Designation of this action as a class action pursuant to Rule 23;

c. Designation of Plaintiff as representative of the Class;

d. Compensatory damages in an amount to be determined at trial, including unpaid regular, minimum-wage, spread-of-hours, and overtime wages;

e. Liquidated damages pursuant to the FLSA and NYLL;

f. Pre- and post-judgment interest; and

g. Plaintiff's costs and reasonable attorney's fees;

Together with such other and further relief as the Court deems just and proper.

Dated: February 18, 2020
New York, New York

LEE LITIGATION GROUP, PLLC

By:  */s/ C.K. Lee*
C.K. Lee
Anne Seelig
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiff*