UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ONIEL PENA, on behalf of himself,
FLSA Collective Plaintiffs and the Class,                :

                       Plaintiff,                :

                v.                :

SP PLUS CORPORATION,                :

                Defendant.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

20-cv-01370

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

---

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES …………………………………….....……......................ii

PRELIMINARY STATEMENT…………………………………………………….....1

STATEMENT OF FACTS ……………………………………………...................3

ARGUMENT………………………………………………………………….......5

    I.     LEGAL STANDARD …………………………………………………5

    II.    PLAINTIFF HAS NOT ESTABLISHED THAT HE IS SIMILARLY
          SITUATED TO THE COLLECTIVE ......................................................8

         A. Plaintiff Has Not Credibly Alleged A Policy That Violates the
            FLSA ................................................................................8

         B. Plaintiff, A Parking Attendant Who Worked At Two Garages,
            Has Not Established That He Is Similarly Situated To All Non-
            Exempt Employees At Every SP Plus Facility ............................11

    III.   PLAINTIFF'S PROPOSED NOTICE AND CONSENT MUST BE
          MODIFIED IF CONDITIONAL COLLECTIVE ACTION CERTIFICATION
          IS GRANTED ......................................................................14

         A. The Collective Should be Limited to Parking Attendants Who
            Earned Minimum Wage At Certain Garages ..............................14

         B. The Proposed Notice Going Back Six Years is Unnecessarily
            Confusing and Overbroad ...........................................................15

         C. The Proposed Notice Should be Disseminated Only Via First
            Class Mail ...........................................................................16

    IV.   THE STATUTE OF LIMITATIONS SHOULD NOT BE
          TOLLED IF CONDITIONAL COLLECTIVE ACTION
          CERTIFICATION IS GRANTED ..........................................................17

CONCLUSION …………………………………….....……...........................19

## TABLE OF AUTHORITIES

**Cases:**                                                                                           **Page(s)**

Alvarez v. Schnipper Rests. LLC,
  16 Civ. 5779 (ER), 2017 U.S. Dist. LEXIS 204596 (S.D.N.Y. Dec. 12, 2017) ....6, 16

Apolinar v. R.J. 49 Rest., LLC,
  2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016) ...................................13, 14

Brabham v. Mega Tempering & Glass Corp.,
  2013 U.S. Dist. LEXIS 94024 (E.D.N.Y. June 11, 2013) ........................................17

Carrasco v. Life Care Servs., Inc.,
  17-cv-5617 (KBF), 2017 U.S. Dist. LEXIS 206682 (S.D.N.Y. Dec. 15, 2017) .........6

Castro v. Spice Place, Inc.,
  No. 07 Civ. 4657 (RWS), 2009 U.S. Dist. LEXIS 7678 (S.D.N.Y. Jan. 30,
  2009)...................................................................................................................7

Cheng Chung Liang v. J.C. Broadway Rest., Inc.,
  2013 U.S. Dist. LEXIS 73976 (S.D.N.Y. May 23, 2013) ..........................................9

Garcia v. Chipotle Mexican Grill, Inc.,
  16 Civ. 601 (ER), 2016 U.S. Dist. LEXIS 153531 (S.D.N.Y. Nov. 4, 2016) ...........16

Greene v. C.B. Holding Corp.,
  No. 10-cv-1094, 2010 U.S. Dist. LEXIS 90795 (E.D.N.Y. Aug. 12, 2010) ..................7

Guillan v. Marshalls of MA, Inc.,
  750 F. Supp. 2d 469 (S.D.N.Y. 2010) ........................................................................9

Hamadou v. Hess Corp.,
  915 F. Supp. 2d 651 (S.D.N.Y. 2013) ......................................................................16

Hoffmann v. Sbarro, Inc.,
  982 F. Supp. 249 (S.D.N.Y. 1997) ....................................................................10, 18

Hoffmann–La Roche Inc. v. Sperling,
  493 U.S. 165 (1989) ................................................................................................6

Iavorski v. United States I.N.S.,
  232 F.3d 124 (2d Cir. 2000) ...................................................................................18

ii

Jasic v. Kora,
　2013 U.S. Dist. LEXIS 155655 (D. Nev. Oct. 30, 2013) ..........................................11

Khan v. Airport Mgmt. Servs., Inc.,
　No. 10 Civ. 7735, 2011 U.S. Dist. LEXIS 133134 (S.D.N.Y. Nov. 16, 2011) ..............8

Lee v. ABC Carpet & Home,
　236 F.R.D. 193 (S.D.N.Y. 2006) ..................................................................................7

Levinson v. Primedia Inc.,
　No. 02 Civ. 2222 (CBM), 2003 U.S. Dist. LEXIS 20010 (S.D.N.Y. Nov. 6, 2003) ......8

Li v. Chinatown Take-Out Inc.,
　16 Civ. 7787 (JCM), 2018 U.S. Dist. LEXIS 28693 (S.D.N.Y. Feb. 21, 2018) .......13

Lin v. Benihana Nat'l Corp.,
　755 F. Supp. 2d 504 (S.D.N.Y. 2010) ..........................................................................8

Martinez v. Zero Otto Nove Inc.,
　No. 15 Civ. 899 (ER), 2016 U.S. Dist. LEXIS 82232 (S.D.N.Y. June 23, 2016) ....13

McGlone v. Contract Callers, Inc.,
　867 F. Supp. 2d 438 (S.D.N.Y. 2012) ..........................................................................9

Morales v. Plantworks, Inc.,
　No. 05 Civ. 2349, 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006) .....................................8

Myers v. Hertz Corp.,
　624 F.3d 537 (2d Cir. 2010) .........................................................................6, 7, 8, 10

Najee-Ullah v. New York City Dep't of Educ.,
　2008 U.S. Dist. LEXIS 28998 (S.D.N.Y. 2008) .........................................................11

Prizmic v. Armour, Inc.,
　No. 05-CV-2503 (DLI) (MDG), 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y June 12,
　2006) ............................................................................................................................7

Reyes v. Nidaja, LLC,
　No. 14 Civ. 9812 (RWS), 2015 U.S. Dist. LEXIS 101728 (S.D.N.Y. Aug. 3,
　2015) ..........................................................................................................................13

Romero v. H.B. Auto. Group, Inc.,
　No. 11 Civ. 386, 2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012) ...................8

Taveras v. D&J Real Estate Mgmt. II, LLC,
　324 F.R.D. 39 (S.D.N.Y. 2018) ................................................................................16

Uresta v. MBJ Cafeteria Corp.,
　10 Civ. 8277, 2011 U.S. Dist. LEXIS 120126 (S.D.N.Y. Oct. 17, 2011) ................10

White v. Rick Bus Co.,
　743 F. Supp. 2d 380 (D.N.J. 2009) .........................................................................10

Whitehorn v. Wolfgang's Steakhouse, Inc.,
　767 F. Supp. 2d 445 (S.D.N.Y. 2011) .....................................................................19

Xing Ai Jin v. Park Ave. Stem Cell, Inc.,
　2019 U.S. Dist. LEXIS 148762 (E.D.N.Y. Aug. 29, 2019) ......................................17

Yang v. Asia Mkt. Corp.,
　17-cv-6886 (VEC), 2018 U.S. Dist. LEXIS 56847 (S.D.N.Y. Apr. 3, 2018) ...........13

Zerilli-Edelglass v. New York City Transit Auth.,
　333 F.3d 74 (2d Cir. 2003) ......................................................................................18

**Rules:**

29 U.S.C. § 216(b)

29 U.S.C. § 255(a)

Defendant SP Plus Corporation ("Defendant" or "SP Plus") submits this Opposition to Plaintiff Oniel Pena's ("Plaintiff") Motion for Conditional Collective Certification, dated December 15, 2020 (Doc. 27) (the "Motion" or "Mot.") and accompanying Memorandum of Law (Doc. 28) ("MOL") pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act (the "FLSA").

## PRELIMINARY STATEMENT

Plaintiff, a former parking attendant for SP Plus, commenced this action, both individually and on behalf of all others similarly situated, alleging violations of the FLSA and the New York Labor Law (the "NYLL").   In the Complaint, dated February 18, 2020 (Doc. 1) (the "Complaint" or "Compl."), Plaintiff alleges that SP Plus (1) failed to pay wages, including the minimum wage and overtime wage, due to time-shaving and rounding; (2) failed to pay spread-of-hours premiums due under the NYLL; and (3) failed to provide proper wage notices and statements due under the NYLL.  See Compl., at ¶¶ 38-50.  The only policy at issue with respect to the Motion is the alleged failure to pay the minimum wage and overtime wage.

In the Motion, Plaintiff seeks conditional certification of a proposed collective class pursuant to FLSA.  See Mot., at 6.  Although Plaintiff's proposed order seeks certification of a collective of "all parking attendants employed by Defendant for the six-year period prior to the filing of the Complaint" (see Mot., at Ex. 1, Doc. 27-1), he argues throughout the MOL that he seeks to "represent a

1

collective class of employees under the FLSA comprised of all non-exempt workers employed by [Defendant] in the last six (6) years." See MOL, at 6.

Plaintiff's Motion, whether he seeks to certify all parking attendants or all non-exempt employees, is legally deficient and should be denied. Plaintiff has not met his burden in showing that he is similarly situated to the collective he seeks to represent because the scope of the class that Plaintiff seeks to certify far exceeds what can be reasonably inferred as similarly situated from the evidence offered in support of his Motion, including the Declaration of Oniel Pena, dated December 15, 2020 (Doc. 30) (the "Pena Declaration" or "Pena Decl.") and the Declaration of Demarlo Rhodes, dated December 15, 2020 (Doc. 31) (the "Rhodes Declaration" or "Rhodes Decl.").

Even if the Court were to grant Plaintiff conditional certification, in whole or in part, Plaintiff's proposed notice to potential opt-in plaintiffs is overbroad and misleading and should be rejected. Specifically, Plaintiff's request to send notice to all non-exempt employees employed by SP Plus withing six years prior to the filing of the Complaint is improper where he has not offered any evidence showing he is similarly situated to employees in any role other than parking attendants and where the FLSA's statute of limitations is two years. Courts within the Second Circuit routinely hold that three years prior to the filing of the Complaint is the appropriate notice period for cases alleging violations of both the FLSA and NYLL.

Finally, Plaintiff fails to identify any exceptional circumstance to support his request for equitable tolling and so his request should be denied.

## STATEMENT OF FACTS

SP Plus manages parking facilities throughout the United States, including in New York City. Plaintiff was employed by SP Plus as a parking attendant from on or around May 14, 2016 until his termination on or around January 25, 2018. See Pena Decl., ¶ 4. During his employment he worked at SP Plus's facilities located at 140 West 51st Street ("West 51st Street") and 212 West 46th Street ("West 46th Street") in Manhattan. See id., ¶¶ 6, 13. He alleges that he worked five days per week, from either 8:00 AM to 4:30 PM, 2:00 PM to 10:00 PM, or 11:00 PM to 7:00 AM. See id., ¶ 7. Plaintiff alleges that SP Plus had an "improper rounding policy." See id., ¶ 9. Although Plaintiff alleges that "Defendant has a policy of requiring employees to clock out for half an hour every day for a meal break" (see id., ¶ 10), he has attached records to his motion showing that his meal breaks fluctuated and that he sometimes took shorter or longer breaks. See MOL, at Ex. B (Doc. 28-2) (showing that for 13 shifts, Plaintiff took a 30-minute break on seven occasions, longer than a 30-minute break on two occasions, and shorter than a 30 minute break on four occasions).[1] At all

---

[1] Plaintiff purports to identify other parking attendants with whom he spoke "regarding our wages," each of whom was employed at either West 51st Street or West 46th Street. See id., ¶¶ 5, 12, 113. Plaintiff, however, does not identify any non-exempt employee at any facility managed by SP Plus or any parking attendant at any facility other than West 46th Street or West 56th Street with whom he discussed the impact of the alleged rounding or meal break policies.

times during his employment, Plaintiff was paid the minimum wage.  See Pena Decl., ¶ 8.

Demarlo Rhodes is not a plaintiff in this action.  However, Plaintiff submitted a declaration by Mr. Rhodes in support of his Motion.  Rhodes alleges that he worked for Defendant as a parking valet from in or around October 18, 2018, until in or around December 2019.  See Rhodes Decl., ¶ 1.  During his employment he worked at SP Plus's facilities at 60 East 44th Street ("East 44th Street") and 45-51 West 56th Street ("West 56th Street") in Manhattan.  See id., ¶ 3.  Rhodes alleges that he worked five days per week from 8:00 AM to 5:00 PM or four days per week from 12:00 AM to 10:00 AM throughout his employment. See id., ¶ 3.  Although Rhodes alleges generally that Defendant had an "improper policy of rounding" and policy requiring employees to clock-out for meal periods while remaining on call, he does not identify any pay period in which any such policy resulted in a violation of the FLSA.  See id., ¶¶ 6-7.[2]  That is, he does not identify any time worked for which he was not paid the minimum wage or overtime wage as a result of either such alleged policy.  At all times during his employment, Plaintiff was paid $15.45, an amount greater than the minimum wage.  See id., ¶ 5.

---

[2] Rhodes purports to identify other parking attendants with whom he spoke "regarding our wages," each of whom was employed at either West 46th Street or West 56th Street.  See id., ¶¶ 2, 9, 10.  Rhodes, however, does not identify any non-exempt employee at any facility managed by SP Plus or any parking attendant at any facility other than West 46th Street or West 56th Street with whom he discussed the impact of the alleged rounding or meal break policies.

## ARGUMENT

### I.   LEGAL STANDARD

"The Second Circuit has endorsed a two-step framework for determining whether a court should certify a case as a collective action under § 216(b) . . . [which analyzes] whether prospective plaintiffs are 'similarly situated' at two different stages: an early 'notice stage,' and again after discovery is largely complete."  See Alvarez v. Schnipper Rests. LLC, 16 Civ. 5779 (ER), 2017 U.S. Dist. LEXIS 204596, *3 (S.D.N.Y. Dec. 12, 2017) (citations omitted).  At the first step (conditional certification), the plaintiff bears the burden of making a "modest factual showing" that Plaintiff and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law."  See Carrasco v. Life Care Servs., Inc., 17-cv-5617 (KBF), 2017 U.S. Dist. LEXIS 206682, *4 (S.D.N.Y. Dec. 15, 2017) (internal citations omitted).  "At the second step, defendants have the opportunity to move for decertification if, after additional discovery, the record shows that the opt-in plaintiffs are not, in fact, similarly situated to the named plaintiffs."  Id., at *5.

Although the standard for pre-discovery conditional certification is lenient, it is warranted only in "appropriate cases."  See Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (citing Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)).  Courts within this Circuit have held that conditional certification is appropriate only where plaintiffs provide sufficient factual support to establish that they are similarly situated with respect to a common policy that

is a violation of the FLSA.  That is, "[they] and potential plaintiffs together were victims of a common policy or plan that violated the law."  See Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal citations omitted); see also Myers, 624 F.3d at 554; Castro v. Spice Place, Inc., No. 07 Civ. 4657 (RWS), 2009 U.S. Dist. LEXIS 7678, at *12 (S.D.N.Y. Jan. 30, 2009) (denying certification where plaintiffs did not make the necessary showing that the alleged actions were a reflection of a common policy, maintained by all defendants, in violation of the FLSA); Prizmic v. Armour, Inc., No. 05-CV-2503 (DLI)(MDG), 2006 U.S. Dist. LEXIS 42627, at *12 (E.D.N.Y June 12, 2006) (denying conditional certification where plaintiff failed to establish that a class of similarly situated plaintiffs existed).

This requirement only will be met when a plaintiff sets forth non-conclusory, factual allegations demonstrating a nexus between the plaintiff's situation and the situation of those individuals he or she asserts are "similarly situated."  See Greene v. C.B. Holding Corp., No. 10-cv-1094, 2010 U.S. Dist. LEXIS 90795, at *8 (E.D.N.Y. Aug. 12, 2010) ("A plaintiff must provide evidence of a factual nexus between his situation and those of claimants similarly situated; mere conclusory allegations are not enough") (internal citation omitted); Prizmic, 2006 U.S. Dist. LEXIS 42627, at *4 (stating that a representative plaintiff "must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations").

In considering whether plaintiffs have satisfied the burden of proving they are similarly situated to those they seek to represent, courts within

this Circuit look to the pleadings and any declarations submitted by plaintiffs and potential opt-in plaintiffs.  See Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 509 (S.D.N.Y. 2010).  When the pleadings and declarations submitted do not establish the required factual nexus or are based on conclusory assertions, conditional certification should be denied.  See Romero v. H.B. Auto. Group, Inc., No. 11 Civ. 386, 2012 U.S. Dist. LEXIS 61151, at *42-43 (S.D.N.Y. May 1, 2012) (denying conditional certification because "Plaintiff's 'modest factual showing cannot be satisfied simply by unsupported assertions'" and "[c]onclusory allegations are not enough") (quoting Myers, 624 F.3d at 555); Khan v. Airport Mgmt. Servs., Inc., No. 10 Civ. 7735, 2011 U.S. Dist. LEXIS 133134, at *13-14 (S.D.N.Y. Nov. 16, 2011) (denying conditional certification because plaintiff relied exclusively on conclusory allegations); Morales v. Plantworks, Inc., No. 05 Civ. 2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification because plaintiffs offered only conclusory and unsupported allegations in support of their motion); Levinson v. Primedia Inc., No. 02 Civ. 2222 (CBM), 2003 U.S. Dist. LEXIS 20010, at *5-6 (S.D.N.Y. Nov. 6, 2003) (denying conditional certification where plaintiffs provided no factual evidence other than their own conjecture that other employees suffered from the same unlawful pay practices).

## II.     PLAINTIFF HAS NOT ESTABLISHED THAT HE IS SIMILARLY SITUATED TO THE PROPOSED COLLECTIVE

In order to satisfy the evidentiary burden supporting a motion for conditional certification, the "evidence must tend to show that there may be other workers who were victims of the same policy or plan, subject to relevantly similar pay provisions, and whose job responsibilities were similar with respect to the responsibilities that might trigger exemptions from fair labor laws." See Cheng Chung Liang v. J.C. Broadway Rest., Inc., 2013 U.S. Dist. LEXIS 73976 at *2-3 (S.D.N.Y. May 23, 2013); see also Cunningham, 754 F. Supp. 2d at 647 ("plaintiffs satisfy their burden [on conditional certification] by making some showing that there are other employees who are similarly situated with respect to the job requirements and with regard to their pay provisions."). Here, Plaintiff has not sufficiently established that he is similarly situated to the proposed collective with respect to pay provisions and a common policy that violates the FLSA.

### A.      Plaintiff Has Not Credibly Alleged A Policy That Violates the FLSA

First, Plaintiff has not presented sufficient evidence that there is a common policy that violates the FLSA with respect to the putative collective he seeks to represent.  Although Plaintiff's burden in establishing the existence of a common policy is "modest," it still "must be based on some substance." See Guillan v. Marshalls of MA, Inc., 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010); see also McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 443 (S.D.N.Y. 2012)

(''certification is not automatic''). Unfounded allegations and hearsay are not enough. See Uresta v. MBJ Cafeteria Corp., 10 Civ. 8277, 2011 U.S. Dist. LEXIS 120126, at *14-18 (S.D.N.Y. Oct. 17, 2011). Rather, Plaintiff must show specifically, based on *personal knowledge* that ''[he] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated''' the FLSA. See Myers, 624 F.3d at 555 (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249 (S.D.N.Y. 1997)); see also White v. Rick Bus Co., 743 F. Supp. 2d 380, 389 (D.N.J. 2009) (denying conditional certification where plaintiffs failed to show that putative class members ''were affected by [defendant's] common policy of withholding overtime'').

The two nearly-identical form declarations offered in support of the Motion make various general allegations with respect to compensation policies, including that SP Plus (1) "had an improper policy of rounding," in which the "timekeeping system improperly rounded down to the nearest 15 minutes;" (2) "required [employees] to either skip or cut short their meal breaks to help customers;" (3) "never compensated [employees] with [] spread of hours premiums;" (4) did not provide "a proper written wage and hour notice at the time of hiring or thereafter;" and (5) provided "improper wage statements." See Pena Decl., ¶¶ 9, 10, 11, 14, 15; Rhodes Decl., ¶¶ 6, 7, 8, 11, 12. However, the only policies at issue for purposes of this Motion are SP Plus's purported rounding policy and the alleged policy of requiring off-the-clock work during meal breaks. Any alleged failures to pay spread-of-hours premiums or provide wage notices

are relevant only to Plaintiff's NYLL claim, for which Plaintiff has not yet sought certification.

Notably, there is no claim under the FLSA for unpaid wages other than overtime or minimum wage violations.  See Najee-Ullah v. New York City Dep't of Educ., 2008 U.S. Dist. LEXIS 28998, *9-10 (S.D.N.Y. 2008) ("There is no factual or legal basis for a claim against defendant for an alleged failure to pay due wages to plaintiff under the FLSA," and "plaintiff cannot transform a state unpaid wages claim or breach or breach of contract claim into [an] FLSA claim by simply alleging violations of federal minimum wage laws."); Jasic v. Kora, 2013 U.S. Dist. LEXIS 155655, *8 (D. Nev. Oct. 30, 2013).  Therefore, to the extent Plaintiff argues that any policy resulted in a failure to "pay proper wages" (see, e.g., MOL, at 13) no FLSA claim arises unless the failure was to pay minimum or overtime wages.

Here, Plaintiff and Rhodes fail to identify with specificity any week in which these alleged policies resulted in a failure to pay overtime and/or less than the minimum wage.  While both allege generally that their meal periods were interrupted with work, they do not point to any specific weeks in which they worked over 40 hours and were specifically denied the overtime or weeks where they earned less than minimum wage per hours because of any off-the-clock work during a meal period.[3]

_____

[3] Notably, even if Plaintiff argues that because he earned only the minimum wage, any off-the-clock work (whether through application of the rounding policy

Moreover, while Plaintiff and Rhodes claim that there was an improper rounding policy, neither have alleged any facts indicating that their experience, if true, was similar across other employees.  Plaintiff has simply cherry-picked his time records to imply that his time was rounded down across the board, and Rhodes has offered nothing other than conclusory facts in support of his allegation that rounding resulted in non-payment of minimum wage and/or overtime.  Importantly, they have not offered any non-conclusory allegations based on personal knowledge indicating that any other employees clocked-in or out prior to or after their shift start or end time such that they would even be impacted by rounding.

Plaintiff's failure to meet his "modest" burden with respect to alleging the existence of a common policy that violates the FLSA warrants denial of certification.

**B.      Plaintiff, A Parking Attendant Who Worked At Two Garages, Has Not Established That He Is Similarly Situated To All Non-Exempt Employees At Every SP Plus Facility**

Second, Plaintiff has not alleged he is similarly situated to all non-exempt employees at all SP Plus facilities.  Courts in the Second Circuit regularly deny or limit conditional class certification where plaintiffs fail to sufficiently

---

or meal breaks that were not free and clear) necessarily resulted in a violation of the minimum wage requirement and, therefore, gave rise to a claim under the FLSA, Rhodes, who earned more than minimum wage, cannot make such a claim.  In this regard, Plaintiff has failed to offer any allegations showing that he is similarly situated to any employee making more than the minimum wage with respect to the impact of the allegedly improper rounding or meal break policies.

allege that they are similarly situated with workers in other positions or who worked at other locations.  See e.g., Yang v. Asia Mkt. Corp., 17-cv-6886 (VEC), 2018 U.S. Dist. LEXIS 56847, *4-5 (S.D.N.Y. Apr. 3, 2018) (denying conditional certification where plaintiff, a cashier, failed to show that she was similarly situated to other cashiers, drivers and a stocker at defendants' store where "every reference to her coworkers' experiences and potential claims is—repeatedly—merely '[b]ased on [her] personal observation and conversations with other co-workers.'"); Li v. Chinatown Take-Out Inc., 16 Civ. 7787 (JCM), 2018 U.S. Dist. LEXIS 28693, *11-12 (S.D.N.Y. Feb. 21, 2018) (denying conditional certification where plaintiffs failed to establish similarity to other miscellaneous workers at the restaurant); Martinez v. Zero Otto Nove Inc., No. 15 Civ. 899 (ER), 2016 U.S. Dist. LEXIS 82232, *12-13 (S.D.N.Y. June 23, 2016) (denying conditional certification where plaintiffs (dishwasher, cook and food preparer) failed to show they were similarly situated to all kitchen staff in defendants' three restaurants); Apolinar v. R.J. 49 Rest., LLC, 2016 U.S. Dist. LEXIS 65733, *26-27 (S.D.N.Y. May 18, 2016) (narrowing plaintiff's request for conditional certification of all non-managerial employees at several franchise locations to delivery persons at a single defendant's location, where evidence presented was limited to that location); Reyes v. Nidaja, LLC, No. 14 Civ. 9812 (RWS), 2015 U.S. Dist. LEXIS 101728, *3 (S.D.N.Y. Aug. 3, 2015) (denying conditional certification premised on plaintiff's "bare assertion that other employees also worked overtime without compensation"); Ali v. N.Y. C. Health & Hospitals Corp., No. 11 Civ. 6393, 2013

U.S. Dist. LEXIS 44091, *8 (S.D.N.Y. Mar. 27, 2013) (denying conditional certification where plaintiff relied upon "conversations with other respiratory therapists," without providing detail about the conversations or their substance).

Plaintiff is inconsistent as to whether he is seeking certification of a collective of all parking attendants or all non-exempt workers. However, the absence of any allegations as to his knowledge of how he is similarly situated to any employees other than parking attendants with respect to his job duties or any alleged violation of the FLSA precludes him from seeking certification of a collective of all hourly employees. See, e.g., Li, 2018 U.S. Dist. LEXIS 28693, at *11-12; Martinez, 2016 U.S. Dist. LEXIS 82232, at *12-13.

Second, the collective must be limited to garages for which Plaintiff and Rhodes assert personal knowledge as to the application of any alleged policies. Neither has offered any basis for their conclusory allegation that employees at any other garage were impacted in a similar way. See, e.g., Apolinar, 2016 U.S. Dist. LEXIS 65733, at *26-27 (narrowing plaintiff's request for conditional certification of all non-managerial employees at several franchise locations to delivery persons at a single defendant's location, where evidence presented was limited to that location). Therefore, Plaintiff has not offered any evidence from which the Court can conclude he is similarly situated to any parking attendants other than, at most, the garages at which they primarily

worked: East 44th Street, West 46th Street, West 51st Street, and West 56th Street.[4]

## III.   PLAINTIFF'S PROPOSED NOTICE AND CONSENT MUST BE MODIFIED IF CONDITIONAL COLLECTIVE ACTION CERTIFICATION IS GRANTED

For the reasons set forth above, Plaintiff's request for conditional certification should be denied.  In the event it is not, Plaintiff's proposed collective and notice should nonetheless be limited.  Specifically, the collective should be limited to parking attendants at certain garages.

### A.   The Collective Should be Limited to Parking Attendants Who Earned Minimum Wage At Certain Garages

Plaintiff's proposed notice contains an overly broad definition of the putative collective in this matter.  As set forth above, while Plaintiff seeks to certify a collective all non-exempt employees at all SP Plus locations, neither he nor Rhodes have set forth allegations that support a finding that they are similarly situated in any respect to any employees other than, arguably, parking attendants at East 44th Street, West 46th Street, West 51st Street, and West 56th Street.  Moreover, Plaintiff has not shown that he is similarly situated to employees who earned more than minimum wage with respect to the impact of any allegedly improper policy.  Accordingly, in the event the Court conditionally certifies Plaintiff's proposed collective of employees, Defendant requests that the

---

[4] That Plaintiff and Rhodes may have worked at other, unidentified SP Plus facilities on unidentified dates at some point during their employment is of no import, as they have not set forth any allegation that they experienced an alleged violation of the FLSA as a result of that work.

scope of the class be limited to parking attendants who worked only at the garages at which Plaintiff primarily worked.

## B.   The Proposed Notice Going Back Six Years is Unnecessarily Confusing and Overbroad

Plaintiff seeks to send notice of its FLSA lawsuit to "all non-exempt workers employed by SP [Plus] in the last six (6) years."  See MOL, at 6.  As set forth above, Plaintiff has not established that he is similarly situated to "all non-exempt workers" employed by SP Plus.  Moreover, the six-year lookback period is overbroad.

The FLSA has a two-year statute of limitations, which is extended to three years in the case of willful violations.  See 29 U.S.C. § 255(a).  Courts considering conditional certification for FLSA collectives in cases where a plaintiff also brings class claims under the NYLL consistently find that three years prior to the filing of the complaints is the appropriate period for notice.  See Garcia v. Chipotle Mexican Grill, Inc., 16 Civ. 601 (ER), 2016 U.S. Dist. LEXIS 153531, *32 (S.D.N.Y. Nov. 4, 2016) (denying plaintiff's request for a collective reaching back six years and finding three year notice period appropriate); see also Taveras v. D&J Real Estate Mgmt. II, LLC, 324 F.R.D. 39, 47 (S.D.N.Y. 2018) (permitting collective notice for three years from filing the complaint where plaintiff alleged FLSA and NYLL claims); Alvarez, 2017 U.S. Dist. LEXIS 204596 at *15 (same); Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (finding 3-year FLSA notice period appropriate where plaintiffs did not yet move

for certification of their NYLL claims); <u>Brabham v. Mega Tempering & Glass Corp.</u>, 2013 U.S. Dist. LEXIS 94024, *12-17 (E.D.N.Y. June 11, 2013).

A six-year notice period in this case "would be confusing to employees who are ineligible for the FLSA opt-in class to receive the opt-in notice, which does not relate to any state law claims."  <u>See</u> <u>Hamadou v. Hess Corp.</u>, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013); <u>see also</u> <u>Xing Ai Jin v. Park Ave. Stem Cell, Inc.</u>, 2019 U.S. Dist. LEXIS 148762, *17 (E.D.N.Y. Aug. 29, 2019) ("Courts frequently decline to distribute notices to plaintiffs outside of the FLSA's three-year limitations period on the basis that potential NYLL plaintiffs would be misled into believing that they would be eligible to opt in to the FLSA collective.").  Accordingly, the Court should limit the timeframe for notification to the three-year period prior to the filing of the Complaint.

**C.     The Proposed Notice Should be Disseminated Only Via First Class Mail**

Plaintiff requests that the proposed notice be sent via first class mail and e-mail to prospective collective members.  However, SP Plus only maintains the last known mailing address for current and former employees and does not maintain personal email addresses for current or former employees in any searchable format.   Accordingly, in the event the Court determines to conditionally certify Plaintiff's proposed collective, Defendant requests that the notice be provided via first class mail, and Plaintiff's request for email addresses be denied.

## IV. THE STATUTE OF LIMITATIONS SHOULD NOT BE TOLLED IF CONDITIONAL COLLECTIVE ACTION CERTIFICATION IS GRANTED

Plaintiff also requests that, should conditional certification be granted, the Court toll the statute of limitations for putative collective action members through the close of the opt-in period.  See MOL, at 23.  Plaintiff's request is without legal or factual support and should be denied.

The FLSA has a two-year statute of limitations "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a).  The statute of limitations for each putative collective action member, including Plaintiff, continues to run until he or she files written consent with the court to join the lawsuit.  See 29 U.S.C. § 256(b); Hoffmann, 982 F. Supp. at 260 ("[O]nly by 'opting in' will the statute of limitations period on potential plaintiffs' claims be tolled.").  Courts have the power to equitably toll the statute of limitations "as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights."  Iavorski v. United States I.N.S., 232 F.3d 124, 129 (2d Cir. 2000) (internal citations omitted).  However, equitable tolling is only to be applied "in rare and exceptional circumstances."  Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal citations omitted).  "An extraordinary circumstance might exist if the employee shows that it would have been impossible for a reasonably prudent person to learn of the cause of action or if the defendant concealed from the plaintiff the existence of the cause of

action."  <u>Whitehorn v. Wolfgang's Steakhouse, Inc.</u>, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (citations omitted).

Plaintiff has not identified any reason for his request for equitable tolling, and certainly has not pointed to an "extraordinary circumstance" that would warrant a tolling of the statute of limitations in this matter.  In fact, Plaintiff's only argument for equitable tolling is entirely circular in that he says it is warranted "to avoid inequitable circumstances."  <u>See</u> Mot. at 23.  None of the cases he relies upon support his position, and his request for equitable tolling should be denied.

## <u>CONCLUSION</u>

**WHEREFORE**, Defendant respectfully requests that Plaintiff's Motion for Conditional Certification of the Collective Action be denied, and that Defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.  In the alternative, should the Court grant Plaintiff's Motion, Defendant respectfully requests that the Court decline to toll the relevant statute of limitations, limit the scope of the class to parking attendants employed at the garages at which Plaintiff primarily worked, and limit notice to the three-year period to the filing of the Complaint.

Dated:  New York, New York
      January 20, 2021

                        PADUANO & WEINTRAUB LLP

                        By:   /s/ Meredith Cavallaro
                            Meredith Cavallaro
                            Courtney Fain
                        1251 Avenue of the Americas
                        Ninth Floor
                        New York, New York 10020
                        (212) 785-9100
                        mcavallaro@pwlawyers.com
                        ae@pwlawyers.com

                        Attorneys for Defendant

19