UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONIEL PENA, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>– against –<br><br>SP PLUS CORPORATION,<br><br>Defendant. | Case No. 20-cv-1370(GBD) |

**[PROPOSED] ORDER GRANTING (1) PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF PLAINTIFF'S SERVICE AWARD; (3) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES**

The Parties entered into a settlement totaling $690,950.00 on December 10, 2021 in the Settlement Agreement and Release ("Settlement Agreement"), which was fully executed on December 10, 2021. Plaintiff filed for preliminary approval of the settlement on December 10, 2021, which, for settlement purposes only, Defendant did not oppose. Declaration of C.K. Lee in Support of Plaintiff's Motion for Certification of the Settlement Class and Collective Action, Final Approval of the Class Action Settlement and Plan of Allocation ("Lee Decl.") ¶13.

On December 13, 2021, this Court entered an Order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the proposed settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, appointing Simpluris as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order"). Docket No. 69.

On April 4, 2022, Plaintiff filed a Motion for Certification of the Settlement Class, Final

Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which for settlement purposes only, Defendant did not oppose. That same day, Plaintiff also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Award ("Motion for Service Award"). The motions were unopposed and Defendant did not object to the requests for attorneys' fees, costs, or service payment.

The Court held a fairness hearing on April 19, 2022. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees Costs and Expenses, the Motion for Service Awards, and the supporting declarations, the oral argument presented at the April 19, 2022 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the April 19, 2022 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Memo Endorsement of the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5. The Court confirms as final the appointment of Plaintiff ONIEL PENA, as representative of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 (CAFA), have been satisfied. On December 23, 2021, the Administrator mailed CAFA notices to the appropriate federal and state officials, more than ninety (90) days have passed, and no comment or objection has been received from any government official with regard to the proposed settlement, the Court finds the requirements of CAFA have been satisfied, and this Order granting final approval of the settlement is now appropriate. *See* 28 U.S.C. §1715(d), (e)(2); *see also In re Processed Egg Products Antitrust Litigation*, 284 F.R.D. 278, 287 n.10 (E.D.Pa. 2012) (granting final approval of the class action settlement after order of approval held in abeyance until the expiration of the 90-day notice period, and holding that "although the notice requirements under CAFA have not been fully met on a technical basis, the substance of the requirements have been satisfied insofar as giving federal and state officials sufficient notice and opportunity to be heard concerning the [settlement].") (citing *D.S. ex rel. S.S. v. New York City Dep't of Educ.*, 255 F. R.D. 59, 80 (E.D.N.Y. 2008).

8. The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and

3

finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.

10. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

11. The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the Defendant to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

12. The Court also finds that the Class' reaction to the settlement was positive, as no Class Member objected to the settlement.

13. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and

procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

14. The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel their requested fees of $230,316.66, one-third of the Settlement Fund, plus costs and expenses of $5,648.00, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

15. The Court approves and finds reasonable the service award of $20,000 to Named Plaintiff, in recognition of the services he rendered on behalf of the class. This amount shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement.

16. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $20,000, which shall be paid by or on behalf of Defendant, out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement.

17. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Defendant.

18. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 19 day of April, 2022.

**APR 1 9 2022**

_____
The Honorable George B. Daniels
United States District Judge